UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SARAH ANN MCMYLER,

                                Plaintiff,

  vs.                                                             6:19-CV-812
                                                                       (MAD/ATB)

BANK OF UTICA,

                                Defendant.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**JAMES D. HARTT, ESQ.**                  **JAMES D. HARTT, ESQ.**
6 North Main Street
Suite 200f
Fairport, New York 14450
Attorneys for Plaintiff

**BARCLAY DAMON LLP –**                **MICHAEL J. SCIOTTI, ESQ.**
**SYRACUSE OFFICE**                      **ROBERT J. THORPE, ESQ.**
555 East Genesee Street
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff commenced this action on July 29, 2019, alleging violations of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, and the New York State Human Rights Law ("NYSHRL"). *See* Dkt. No. 1. Currently before the Court is Defendant's motion for summary judgment. *See* Dkt. No. 28.

## II. BACKGROUND[1]

Plaintiff was employed by Defendant from August 11, 2014, until her termination on October 4, 2017. *See* Dkt. No. 28-1 at ¶¶ 8, 47. Sometime in the Spring of 2017, Plaintiff informed Defendant that she was pregnant. *See id.* at ¶ 13; Dkt. No. 33-1 at ¶ 13. Throughout her pregnancy, Plaintiff was never denied time off to attend medical appointments nor did she request any accommodations for any purported disabilities. *See* Dkt. No. 28-1 at ¶¶ 20-21. Approximately one week before the birth of Plaintiff's child, she was informed that she would be entitled to eight weeks of leave pursuant to changes in the New York State Paid Family Leave Act. *See id.* at ¶¶ 17, 22. Plaintiff subsequently gave birth to her child in August of 2017. *See id.* at ¶ 23.

In September 2017, while Plaintiff was on parental leave, Defendant received a letter which indicated that Plaintiff's boyfriend had commenced a personal injury lawsuit against Defendant. *See id.* at ¶ 28. Concerned about employing an individual whose significant other was suing them, Defendant began to contemplate termination of Plaintiff's employment. *See id.* at ¶ 31. On September 26, 2017, Defendant exchanged emails with its insurance carrier and was informed that Plaintiff's boyfriend was pursuing a personal injury claim against Defendant. *See id.* at ¶¶ 35, 36.

On October 4, 2017, Defendant contacted Plaintiff via telephone to inform Plaintiff about the personal injury suit brought by Plaintiff's boyfriend and explaining that her employment was being terminated. *See id.* at ¶ 38. Plaintiff indicated that she knew about the personal injury suit

---

[1] Defendant asks the Court to disregard Plaintiff's affidavit in response to the statement of material facts, arguing that it is not a proper response. *See* Dkt. No. 36-2 at 5-6. However, Plaintiff concedes most of the facts set forth in Defendant's statement of material facts. *See* Dkt. No. 33-1. All of the facts upon which the Court relies in deciding this motion are either conceded or are drawn from the record evidence.

but claimed that she was not aware that the claim was against Defendant. *See id.* at ¶ 39. Soon thereafter, Plaintiff was told that her employment may be re-instated if she convinced her boyfriend to drop the personal injury claim. *See id.* at ¶ 42. Plaintiff never contacted Defendant regarding this possibility. *See id.* at ¶ 45. On October 17, 2017, Plaintiff was sent a letter which confirmed that her employment was terminated effective October 4, 2017. *See id.* at ¶ 47.

Plaintiff's complaint alleges the following causes of action: (1) disability discrimination (pregnancy) pursuant to the ADA and NYSHRL, (2) sex discrimination pursuant to the NYSHRL and Title VII of the Civil Rights Act, and (3) familial discrimination pursuant to the NYSHRL. *See* Dkt. No. 1 at ¶¶ 37-39.

### III. DISCUSSION

**A.  Summary Judgment Standard**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the

motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

B.  **Disability Discrimination Under the ADA and NYSHRL[2]**

"'Claims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).'" *McMillan v. City of N.Y.*, 711 F.3d 120, 125 (2d Cir. 2013) (quoting *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009)). In accordance with this familiar standard,

> [t]o establish a *prima facie* case under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.

*Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).

"An employer may also violate the ADA by failing to provide a reasonable accommodation." *McMillan*, 711 F.3d at 125. In order to establish a *prima facie* case for failure to accommodate, the plaintiff must demonstrate that

> (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.

---

[2] It is unclear whether Plaintiff is alleging a failure to accommodate claim or disparate treatment claim under the ADA and NYSHRL, so the Court's analysis addresses both claims.

4

*McBride*, 583 F.3d at 97 (quotation marks omitted). "The same legal standards apply to claims of disability-discrimination under the ADA and the NYSHRL." *Morse v. JetBlue Airways Corp.*, 941 F. Supp. 2d 274, 292 (E.D.N.Y. 2013); *Viruet v. City of N.Y.*, No. 16-CV-8327, 2019 WL 1979325, *13 (S.D.N.Y. May 3, 2019) (citing *Penberg v. HealthBridge Mgmt.*, 823 F. Supp. 2d 166, 181 (E.D.N.Y. 2011)); *Quintero v. Rite Aid of N.Y., Inc.*, No. 09 Civ. 6084, 2011 WL 5529818, *6 (S.D.N.Y. Nov. 10, 2011) (citing *Kinneary v. City of N.Y.*, 601 F.3d 151, 158 (2d Cir. 2010)); *Thomson v. Odyssey House*,[3] No. 14-CV-3857, 2015 WL 5561209, *18 (E.D.N.Y. Sept. 21, 2015) (citations omitted).

Defendant argues that Plaintiff's disability discrimination claim pursuant to the ADA and NYSHRL should be dismissed because pregnancy, without more, is not a disability as defined by the ADA and NYSHRL. *See* Dkt. No. 28-18 at 17. Plaintiff does not suggest that she has another cognizable disability, but rather argues that "pregnancy in this case is tantamount to a disability." *See* Dkt. No. 33 at 6. However, it is well established that pregnancy alone does not constitute a disability. *See Turner v. Eastconn Regional Educ. Service Center*, No. 3:12-CV-788, 2013 WL 6230092, *7 (D. Conn. Dec. 2, 2013) (collecting cases). Plaintiff, citing *Briggs v. Women in Need, Inc.*, 819 F. Supp. 2d 119 (E.D.N.Y. 2011), seems to argue that birth by cesarean section constitutes a disability. *See* Dkt. No. 33 at 9. However, in *Briggs*, the plaintiff had a "high-risk pregnancy, medically-complicated birth, and continuing medical issues relating to her recovery." *Briggs*, 819 F. Supp. 2d at 129. There is no evidence that Plaintiff suffered a similarly risky or

---

[3] This case notes that the NYSHRL generally has a broader definition of the term "disability" than is included in the ADA because it does not require a showing that the disability substantially limits a major life activity. *See Thomson*, 2015 WL 5561209, at *18. However, cases interpreting the NYSHRL have found that pregnancy, without more, is insufficient to establish disability. *See Kennebrew v. N.Y. City Hous. Auth.*, No. 01 CIV 1654, 2002 WL 265120, *19 n.33 (S.D.N.Y. Feb. 26, 2002) (collecting cases).

complex birth. Accordingly, Defendant's motion is granted as to Plaintiff's disability discrimination claim under the ADA and NYSHRL.

C.     **Sex Discrimination Under NYSHRL and Title VII**

As an initial matter, the Court notes that the same standard is used when analyzing Title VII and NYSHRL claims. *See Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (citations omitted); *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) (citation omitted). Additionally, "[t]he Pregnancy Discrimination Act amends Title VII's definition of discrimination 'because of sex' to include discrimination 'because of or on the basis of pregnancy, childbirth, or related medical conditions.'" *Saks v. Franklin Covey Co.*, 316 F.3d 337, 343 (2d Cir. 2003) (quoting 42 U.S.C. § 2000e(k)). "[A] claim of discrimination on the basis of pregnancy must be analyzed in the same manner as any other sex discrimination claim brought pursuant to Title VII." *Cahill v. Northeast Sav., F.A.*, No. 91-CV-1278, 1993 WL 313633, *3 (N.D.N.Y. Aug. 16, 1993) (collecting cases); *Grimes-Jenkins v. Consol. Edison Co. of N.Y.*, No. 16 Civ. 4897, 2017 WL 2258374, *5 n.8 (S.D.N.Y. May 22, 2017). Discrimination claims under Title VII are evaluated under the burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).

"[T]he plaintiff must establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *McDonnell Douglas*, 411 U.S. at 802. It is the plaintiff's burden to establish a *prima facie* case of discrimination. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (citation omitted); *Lewis v. Erie Cnty. Med. Ctr. Corp.*, 907 F. Supp. 2d 336, 346 (W.D.N.Y. 2012) (citation omitted).

"If the plaintiff successfully establishes a *prima facie* case, 'the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action.'" *Whipple v. Reed Eye Assocs.*, — F. Supp. 3d —, 2021 WL 852039, *7 (W.D.N.Y. 2021) (quoting *United States v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011)) (internal quotation marks omitted). "At that second step, the defendant employer 'need not persuade the court that it was actually motivated by the proffered reason.'" *Id.* (quoting *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168 (2d Cir. 2014)) (internal quotation marks omitted). "If the employer carries that burden, 'the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination.'" *Id.* (quoting *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004)). "At this step, the plaintiff has the burden to show 'that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision.'" *Id.* (quoting *Univ. of Texas Southw'n Med. Ctr. v. Nassar*, 570 U.S. 338, 343, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013)). While it is true that temporal proximity may give rise to an inference of discrimination, it certainly is not sufficient, on its own, to demonstrate pretext. *See id.* at *15 (collecting cases).

Defendant argues that summary judgment should be granted in its favor on Plaintiff's sex discrimination claim because there is no evidence to support a finding of discriminatory animus.[4] *See* Dkt. No. 28-18 at 21. In opposition, Plaintiff relies solely on her pregnancy and the temporal proximity of her firing to establish a *prima facie* case. *See* Dkt. No. 33 at 4-5, 10. However, even if the Court were to accept that Plaintiff has established a *prima facie* case of sex discrimination,

---

[4] Defendant makes the same argument with respect to Plaintiffs' discrimination based on disability and familial status. *See* Dkt. No. 28-18 at 21. Although Defendant likely is correct, for the

7

she has not provided sufficient evidence to demonstrate that Defendant's legitimate, non-discriminatory reason for terminating Plaintiff's employment is a pretext.[5]

Plaintiff acknowledges that she does not recall any illegal comments regarding her sex, alleged disability, pregnancy, or familial status ever being said during her employment with Defendant. *See* Dkt. No. 28-1 at ¶ 11; Dkt. No. 33-1 at ¶ 11. Plaintiff was told just prior to the birth of her child that she would be entitled to at least eight weeks of parental leave. *See* Dkt. No. 28-1 at ¶ 22. Plaintiff was never denied time off for medical appointments. *See id.* at ¶ 20. Plaintiff never requested, nor was she denied, any accommodations based on her pregnancy or any other disability. *See id.* at ¶ 21. When Plaintiff's employment was terminated, Defendant's representatives explained that her termination was because of a personal injury claim that Plaintiff's boyfriend brought against Defendant. *See id.* at ¶ 38. After Plaintiff's termination, Defendant indicated that it might re-instate Plaintiff's employment if her boyfriend dropped his lawsuit, but Plaintiff never followed up with Defendant on this possibility. *See id.* at ¶¶ 42-45.

Plaintiff has provided no evidence which might lead a reasonable juror to believe that Plaintiff's pregnancy played any role in Defendant's decision to terminate her employment. In this case, temporal proximity, absent any other evidence of discriminatory animus, is insufficient to rebut Defendant's non-discriminatory reason. *See Whipple*, 2021 WL 852039, at *15. Plaintiff also seems to argue that Defendant's reason for the termination is pretextual because it knew that it would never be liable in the action brought by Plaintiff's boyfriend. *See* Dkt. No. 33 at 5, 11;

---

reasons described in this Memorandum-Decision and Order, summary judgment in Defendant's favor is appropriate on those claims for other reasons.

[5] To the extent that Plaintiff suggests that the Court should accept the findings of the Department of Human Rights as evidence sufficient to demonstrate a *prima facie* case on a motion for summary judgment, the Court disagrees. However, because the Court is assuming for the sake of this motion that Plaintiff has established a *prima facie* case, the Court will not address this argument.

Dkt. No. 33-1 at ¶¶ 30, 40. However, Plaintiff admits that Defendant was informed by its insurance carrier that Plaintiff's boyfriend was suing Defendant. *See* Dkt. No. 28-1 at ¶¶ 35-36; Dkt. No. 33-1 at ¶¶ 35-36. Additionally, the record evidence indicates that all of the communications regarding Plaintiff's termination involved discussion of Plaintiff's boyfriend's personal injury claim and did not include any mention of Plaintiff's pregnancy or familial status. *See* Dkt. No. 28-1 at ¶¶ 31, 35-36, 38-40, 42-45. The evidence supports Defendant's proffered reason: that the termination was because of Plaintiff's boyfriend's personal injury lawsuit against Defendant. Accordingly, Defendant's motion for summary judgment is granted as to Plaintiff's sex discrimination claim.

**D.   Familial Discrimination Under NYSHRL**

If a district court has original jurisdiction over a civil action, then it has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 42 U.S.C. § 1367. The court may decline to exercise that supplemental jurisdiction pursuant to § 1367(c) if:

> (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

42 U.S.C. § 1367(c); *see also Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998). The court's discretion to decline extending supplemental jurisdiction is available if founded upon one of these enumerated categories. *See Itar-Tass*, 140 F.3d at 448.

In the instant matter, the Court has dismissed all claims over which it has original jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction of Plaintiff's state law claim of familial discrimination. *See Meagher v. State Univ. Construction Fund*, No.

17-CV-903, 2020 WL 5504011, *21-22 (N.D.N.Y. Sept. 11, 2020) (declining to exercise supplement jurisdiction of NYSHRL claims where all other claims were dismissed).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 28) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 2, 2021
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge